UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, FORT LAUDERDALE

CASE NO.: 99-CV-6902-DIMITROULEAS

CADLES OF GRASSY MEADOWS II, L.L.C.
as successor-in-interest to The Cadle Company
as successor-in-interest to VALUE
RECOVERY GROUP, INC., as successor-in-interest to JDC Finance Company III, L.P. as
successor-in-interest to Federal Deposit
Insurance Corporation,

    Plaintiff,

vs.

H. LISA STEELE A/K/A LISA STEELE, et al.,

    Defendants.

and

BANKATLANIC,

    Garnishee.                                         /



## NOTICE OF GARNISHMENT

To:   H. LISA STEELE a/k/a LISA STEELE a/k/a HELEN LISA ROACH
       10802 Paso Fino Drive
       Lake Worth, Florida 33467

AND ALL OTHERS WHOM IT MAY CONCERN:

Defendant, H. LISA STEELE A/k/a LISA STEELE a/k/a HELEN LISA ROACH, you are hereby notified, pursuant to Florida Statute Section 77.041, that a Writ of Garnishment has been issued in the above case, and your property in the hands of Garnishee, BANKATLANTIC, has been garnished.



CASE NO.: 99-CV-6902-DIMITROULEAS

I HEREBY certify that a true and correct copy of the foregoing Notice along with a copy of the Motion for Writ of Garnishment, Writ of Garnishment and Notice to Defendant of Right Against Garnishment of Wages, Money and Other Property has been served by U.S. mail this 5 day of October, 2005 on the above named addressee.

HALEY, SINAGRA, PAUL & TOLAND, P.A.
Attorneys for Plaintiff
One Financial Plaza
100 Southeast Third Avenue, Suite 1900
Fort Lauderdale, Florida 33394
(954) 467-1300

By: _____
Lori L. Heyer-Bednar, Esquire
Florida Bar Number: 768170

P:\LITIGATION 1\Heyer\3237 Cadle\89 Steele\Notice of Garnishment.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, FORT LAUDERDALE

CASE NO.: 99-CV-6902-DIMITROULEAS

CADLES OF GRASSY MEADOWS II, L.L.C.
as successor-in-interest to The Cadle Company
as successor-in-interest to VALUE
RECOVERY GROUP, INC., as successor-in-
interest to JDC Finance Company III, L.P. as
successor-in-interest to Federal Deposit
Insurance Corporation,

    Plaintiff,

vs.

H. LISA STEELE A/K/A LISA STEELE, et al.,

    Defendants.            /

## MOTION FOR WRIT OF GARNISHMENT AFTER JUDGMENT

COMES NOW the Plaintiff, CADLES OF GRASSY MEADOWS II, L.L.C. as successor-in-interest to The Cadle Company as successor-in-interest to VALUE RECOVERY GROUP, INC., as successor-in-interest to JDC Finance Company III, L.P. as successor-in-interest to Federal Deposit Insurance Corporation,., and moves the Court to issue a Writ of Garnishment after Judgment in the above styled cause and states that said suit has been prosecuted to Judgment, that said Judgment is unsatisfied, and that Plaintiff does not believe that the Defendant, H. LISA STEELE a/k/a LISA STEELE, has in her possession visible property in this State upon which a levy can be made sufficient to satisfy the Judgment.

CASE NO.: 99-CV-6902-DIMITROULEAS

Plaintiff says that the money or other thing sought to be garnished is not due for personal labor or services of the head of a family residing in Florida.

Plaintiff therefore suggests that BANKATLANTIC is indebted to the said Defendant, or has effects or property of said Defendant in hand, custody or control and prays that a Garnishment issue commanding the said BANKATLANTIC to answer accordingly to law in such cases made and provided.

The amount of the Judgment unsatisfied is $494,162.01 plus interest from September 14, 1994.

Dated this 26 day of September, 2005.

> HALEY, SINAGRA, PAUL & TOLAND, P.A.
> Attorneys for Plaintiff
> One Financial Plaza
> 100 Southeast Third Avenue, Suite 1900
> Fort Lauderdale, Florida 33394
> (954) 467-1300
>
> By: _____
> Lori L. Heyer-Bednar, Esquire
> Florida Bar Number: 768170

P:\LITIGATION 1\Heyer\3237 Cadle\Steele\Motion for Garn after jdgmt.wpd

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA, FORT LAUDERDALE

CASE NO.: 99-CV-6902-DIMITROULEAS

CADLES OF GRASSY MEADOWS II, L.L.C.
as successor-in-interest to The Cadle Company
as successor-in-interest to VALUE
RECOVERY GROUP, INC., as successor-in-
interest to JDC Finance Company III, L.P. as
successor-in-interest to Federal Deposit
Insurance Corporation,

  Plaintiff,

vs.

H. LISA STEELE A/K/A LISA STEELE, et al.,

  Defendants.     /

## WRIT OF GARNISHMENT

THE STATE OF FLORIDA:
To each Sheriff of the State:

  YOU ARE COMMANDED to summon the Garnishee, BANKATLANTIC, 301 East Las Olas Boulevard, Fort Lauderdale, Florida 33301 to serve an Answer to this Writ on Lori L. Heyer-Bednar, Esquire, of Haley, Sinagra, Paul & Toland, P. A., Plaintiff's attorneys, whose address is One Financial Plaza, 100 Southeast Third Avenue, Suite 1900, Fort Lauderdale, Florida 33394 within 20 days after service on the Garnishee, exclusive of the day of service, and to file the original with the Clerk of this Court, either before service on the attorney or immediately thereafter, stating whether the Garnishee is indebted to Defendant, H. LISA STEELE A/K/A LISA STEELE a/k/a HELEN LISA ROACH, 10802 Paso Fino Drive, Lake Worth, Florida 33467; Social Security Number: 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, at the time of the Answer or was indebted at the time of the service of the Writ, or at any time between such times, and in what sum and

CASE NO.: 99-CV-6902-DIMITROULEAS

what tangible and intangible personal property of the Defendant the Garnishee has in its possession or control at the time of the Answer or had at the time of service of this Writ, or at any time between such times, and whether the Garnishee knows of any other person indebted to the Defendant or who may have any of the property of the Defendant in his possession or control. The amount set forth in Plaintiff's Motion is $494,162.01, plus interest from September 14, 1994.

WITNESS my hand and seal of this court on the 7th day of October, 2005.

CLARENCE MADDOX, As Clerk of the Court

By: _____
As Deputy Clerk

2

## NOTICE TO DEFENDANT OF RIGHT AGAINST GARNISHMENT OF WAGES, MONEY, AND OTHER PROPERTY

The Writ of Garnishment delivered to you with this Notice means that wages, money, and other property belonging to you have been garnished to pay a court judgment against you. HOWEVER YOU MAY BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY, OR PROPERTY. READ THIS NOTICE CAREFULLY.

State and federal laws provide that certain wages, money, and property, even if deposited in a bank, savings and loan, or credit union, may not be taken to pay certain types of court judgments. Such wages, money, and property are exempt from garnishment. The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing. This list does not include all possible exemptions. You should consult a lawyer for specific advice.

> TO KEEP YOUR WAGES, MONEY, AND OTHER PROPERTY FROM BEING GARNISHED, OR TO GET BACK ANYTHING ALREADY TAKEN, YOU MUST COMPLETE A FORM FOR CLAIM OF EXEMPTION AND REQUEST FOR HEARING AS SET FORTH BELOW AND HAVE THE FORM NOTARIZED. YOU MUST FILE THE FORM WITH THE CLERK'S OFFICE WITHIN 20 DAYS AFTER THE DATE YOU RECEIVE THIS NOTICE OR YOU MAY LOSE IMPORTANT RIGHTS. YOU MUST ALSO MAIL OR DELIVER A COPY OF THIS FORM TO THE PLAINTIFF AND THE GARNISHEE AT THE ADDRESSES LISTED ON THE WRIT OF GARNISHMENT.

If you request a hearing, it will be held as soon as possible after your request is received by the court. The plaintiff must file any objection within 3 business days if you hand delivered to the plaintiff a copy of the form for Claim of Exemption and Request for Hearing or, alternatively, 8 days if you mailed a copy of the form for claim and request to the plaintiff. If the plaintiff files an objection to your Claim of Exemption and Request for Hearing, the clerk will notify you and the other parties of the time and date of the hearing. You may attend the hearing with or without an attorney. If the plaintiff fails to file an objection, no hearing is required, the writ of garnishment will be dissolved and your wages, money, or property will be released.

> YOU SHOULD FILE THE FORM FOR CLAIM OF EXEMPTION IMMEDIATELY TO KEEP YOUR WAGES, MONEY, OR PROPERTY FROM BEING APPLIED TO THE COURT JUDGMENT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED LEGAL ASSISTANCE YOU SHOULD SEE A LAWYER. IF YOU CANNOT AFFORD A PRIVATE LAWYER, LEGAL SERVICES MAY BE AVAILABLE. CONTACT YOUR LOCAL BAR ASSOCIATION OR ASK THE CLERK'S OFFICE ABOUT ANY LEGAL SERVICES PROGRAM IN YOUR AREA.

# CLAIM OF EXEMPTION AND REQUEST FOR HEARING

I claim exemptions from garnishment under the following categories as checked:

- \_\_  1. Head of family wages. (You must check a. or b. below.)
    - \_\_  a. I provide more than one-half of the support for a child or other dependent and have net earnings of $500 or less per week.
    - \_\_  b. I provide more than one-half of the support for a child or other dependent, have net earnings of more than $500 per week, but have not agreed in writing to have my wages garnished.
- \_\_  2. Social Security benefits.
- \_\_  3. Supplemental Security Income benefits.
- \_\_  4. Public assistance (welfare).
- \_\_  5. Workers' Compensation.
- \_\_  6. Unemployment Compensation.
- \_\_  7. Veterans' benefits.
- \_\_  8. Retirement or profit-sharing benefits or pension money.
- \_\_  9. Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract.
- \_\_  10. Disability income benefits.
- \_\_  11. Prepaid College Trust Fund or Medical Savings Account.
- \_\_  12. Other exemptions as provided by law. _____(explain)

I request a hearing to decide the validity of my claim. Notice of the hearing should be given to me at:

Address:_____

Telephone number: _____

The statements made in this request are true to the best of my knowledge and belief.

_____
Defendant's signature
Date:_____

STATE OF FLORIDA
COUNTY OF _____

Sworn and subscribed to before me this \_\_\_\_\_ day of _____, 2005, by _____.

_____
Notary Public/Deputy Clerk

Personally Known _____ OR Produced Identification_____

Type of Identification Produced _____

dmw-P:\LITIGATION 1\Heyer\3237 Cadle\89 Steele\garnishmentnotice.wpd